IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA

FT. PIERCE DIVISION

JOHN P. GALLAGHER,

    Plaintiff,

v.

SS&M AUTOMOTIVE, INC. d/b/a
TOYOTA OF VERO BEACH,

    Defendant.
_____/

## COMPLAINT

Plaintiff, John P. Gallagher ("Mr. Gallagher") files this suit against SS&M Automotive, Inc. d/b/a Toyota of Vero Beach ("Toyota") stating as follows:

## JURISDICTIONAL ALLEGATIONS

1. This is an action under the Family Medical Leave Act of 1993 ("FMLA").

2. This Court has jurisdiction of the federal claims asserted here pursuant to Title 28 USCA, §1331 and §1343.

3. The unlawful employment practices complained of in this complaint occurred, and the employment records relevant to this matter are maintained and administered within the Southern District of Florida and venue is proper within the Fort Pierce division as the acts complained about occurred in Indian River County.

4. Mr. Gallagher is a male citizen and resident of the State of Florida.

## VIOLATION OF FMLA

5. Approximately 15 years ago, Mr. Gallagher commenced his employment with Toyota or its predecessors at its location in Vero Beach.

6. Over the years, Mr. Gallagher was promoted various times and ultimately became the General Sales Manager of Toyota.

7. In July of 2011, Mr. Gallagher had a heart attack while working in his position as general sales manager for Toyota. As a result of the heart attack, Mr. Gallagher was transported to the hospital. Due to his medical condition, Mr. Gallagher requested the time off from his immediate supervisor.

8. Nevertheless, his supervisor demanded that he immediately return to work or would be fired. Specifically, his manager indicated that he only had a "minor heart attack." In fear of losing his job, Mr. Gallagher, returned to work days after his heart attack.

9. Although he returned, his health was failing and as a result, Mr. Gallagher again requested that he be permitted to take some time off from work to recuperate from his heart attack. Toyota refused to provide Mr. Gallagher with the requested time off and failed to notify him of his rights under FMLA. Mr. Gallagher was hospitalized shortly  again with a suspected second heart attack brought on by the stress of his job and the actions of Toyota. While he was in the hospital, Mr. Gallagher was contacted and told he needed to return to work.

10.  On or about August, 29 2011, Mr. Gallagher attempted to return to work. At that time he was told to leave as he was fired.

11. Mr. Gallagher objected to and opposed Toyota's conduct in discharging him and refusing to allow his leave for medical reasons. The actions of Toyota were unlawful under FMLA. Toyota, through its managers, refused to reverse the discharge and/or restore Mr. Gallagher to his position in violation of his FMLA rights.

12. Mr. Gallagher made multiple attempts to obtain time off to recuperate. At all times, his requests were either denied or any time off provided was ineffectual due to the threats to terminate him if he did not return to work.

13. During this same time period, when Mr. Gallagher attempted to return to his job he was not offered the same position and was told that his position was being eliminated. Ultimately, Mr. Gallagher was even told he was terminated for abandoning his job in direct violation of FMLA.

14. As part of his compensation, Mr. Gallagher receives the use of a vehicle. After his discharge on August 29, 2011, Mr. Gallagher was contacted by an attorney for Toyota. The attorney requested the keys be returned for the vehicle. Mr. Gallagher explained the situation to the attorney and only then was Mr. Gallagher informed of his rights under FMLA. Despite notifying him of his rights, Toyota never provided Mr. Gallagher with the leave requested and never reinstated him in the position he had prior to the heart attack.

15. In short, Toyota interfered with, restrained and/or denied the exercise of Mr. Gallagher's rights under FMLA following his heart attack.

16. As a direct and proximate result of the acts and practices of Toyota, its agents and employees in the demotion and termination of Mr. Gallagher all in violation of FMLA, Mr. Gallagher suffered and continues to suffer injury, including loss of employment, past and future loss of income and other employment benefits as well as other past and future pecuniary losses.

WHEREFORE, Mr. Gallagher requests judgment be entered against Toyota as follows: (1) this Court declare that the acts and practices complained of here are in

violation of the Mr. Gallagher's rights as secured by FMLA; (2) requiring Toyota to reinstate Mr. Gallagher to a position of equal duties and responsibilities with equal paying benefits and similar working conditions; (3) preliminarily and permanently enjoining Toyota, its owners, officers, management personnel, employees, agents, attorneys, successors, and assigns and, those acting in consort from any conduct violating Mr. Gallagher's rights under FMLA; (4) awarding Mr. Gallagher back pay, interest, and appropriate recovery for lost employment benefits and other affirmative relief as may be appropriate under FMLA; (5) awarding Mr. Gallagher liquidated damages pursuant to FLMA; (7) awarding Mr. Gallagher attorney's fees and costs incurred in this action and awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Gallagher hereby demands trial by jury on all issues so triable.

Dated this 22nd day of August, 2013.

>WRIGHT PONSOLDT & LOZEAU
>TRIAL ATTORNEYS, LLP
>1002 S.E. Monterey Commons Blvd., Suite 100
>Stuart, FL 34996
>Tel. No. (772) 286-5566
>E-mail: wponsoldtjr@wpltrialattorneys.com
>           lhardy@wpltrialattorneys.com
>
>s/William R. Ponsoldt, Jr
>BY:  WILLIAM R. PONSOLDT, JR., ESQ.
>Florida Bar Number: 970352